Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5889 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Bandari vs. City of Chgo et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 4/19/2000 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The Court grants Defendants Hofbauer's and Sadler's motion (Doc 21-1) to dismiss Counts I, II, V and VI. Discovery cut-off date set for April 19, 2000 to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 3-24-00 date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 26 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SCT | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROSS BANDARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 99 C 5889 |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | |
| corporation, and Officer Robert Hofbauer | ) | |
| (Star No. 7833) of the Chicago Police | ) | |
| Department, and Officer Michael Sadler | ) | |
| (Star No. 5417) of the Chicago Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendants' motion to dismiss Counts I, II, V, and VI of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants Defendants' motion.

## **BACKGROUND**

Plaintiff Ross Bandari ("Bandari") filed a six-count complaint against Defendants Officer Robert Hofbauer ("Hofbauer"), Officer Michael Sadler ("Sadler"), and the City of Chicago ("the City"). This Court has already dismissed

26

all counts against the City, and presently, Defendants Hofbauer and Sadler (collectively, the "Defendants") move to dismiss Counts I, II, V, and VI. For the purposes of this motion, the Court is obligated to take as true the following alleged facts which come from Plaintiff's complaint.

On October 11, 1998, Bandari was standing near a parked motorcycle at Midway Airport. Officer Hofbauer approached the motorcycle and began writing in his citation book as he asked Bandari if the motorcycle was his. Bandari replied that the motorcycle was not his but that he was supposed to meet the driver there. Bandari told Hofbauer that the driver would be "right back" and attempted to persuade Hofbauer not to write a ticket. When Hofbauer told Bandari to "take a hike," Bandari responded that Hofbauer had a "bad attitude" and that Hofbauer did not "have to be such a jerk about it." The driver then arrived. Hofbauer, angered by Bandari's comments, threatened to arrest him. Because Bandari was frightened by the threat, he left the scene.

Apparently, Hofbauer then radioed Officer Sadler for assistance. Neither officer ever informed Bandari that he was under arrest. Hofbauer chased Bandari to the airport terminal entrance. Hofbauer and Sadler physically assaulted Bandari, tackling him and grabbing him. Sadler held Bandari's arms behind his back and

Hofbauer pummeled Bandari's arm, breaking the bones in Bandari's arms and elbows. An ambulance rushed Bandari to Holy Cross Hospital where he underwent emergency surgery to repair his crushed left Humerus bone. As a result of Hofbauer's and Bandari's assault, Bandari alleges that he suffers severe permanent injuries, including a dropped left wrist, grotesque scarring, and loss of movement in his left arm.

Bandari filed a six-count complaint against Hofbauer and Sadler, alleging: (1) assault; (2) battery; (3) excessive force; (4) false arrest; (5) intentional infliction of emotional distress; and (6) conspiracy and neglect or refusal to prevent wrong conspired to be done under §1983. Bandari has labeled his entire complaint, "Plaintiff's §1983 Complaint," and seems to maintain that §1983 serves as the basis for each of his counts. Thus, the Court will analyze Bandari's claims under §1983.

## LEGAL STANDARD

Bandari argues that because Defendants filed their Rule 12(b)(6) motion after filing an answer to Bandari's complaint, Defendants' motion to dismiss should be considered a motion for judgment on the pleadings pursuant to Rule 12(c). However, it is worth noting that Defendants specifically raised their Rule 12(b)(6)

arguments in their initial answer. Regardless of whether the Court considers this motion one under Rule 12(b)(6) or Rule 12(c), the outcome remains the same.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. A defendant must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), cert. denied, 510 U.S. 1012, 114 S.Ct. 602, 126 L.Ed.2d 567 (1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992), cert. denied, 506 U.S. 893, 113 S.Ct. 267, 121 L.Ed.2d 196 (1992).

A defendant may file a Rule 12(c) motion after the close of pleadings and move for judgment on the pleadings to dispose of the case on the basis of the underlying substantive merits. The appropriate standard for judgment on the pleadings is that applicable to summary judgment, except that the court may consider only the contents of the pleadings. See Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993). Thus, all well-pleaded allegations are taken as true, and the facts and inferences to be drawn from those allegations are viewed in a light most favorable to the plaintiff. See id. With these principles in mind, the Court evaluates Defendants' motion.

## DISCUSSION

### I. Assault, Battery, and Intentional Infliction of Emotional Distress–Counts I, II, and V

Bandari brings Counts I, II, and V, which allege assault, battery, and intentional infliction of emotional distress, respectively, under §1983. Thus, his prayer for relief requests attorney's fees pursuant to 42 U.S.C. §1988, which allows a prevailing party to recover attorney's fees in a §1983 action. See 42 U.S.C. §1988(b). However, Bandari cannot base his §1983 claims on his claims of assault, battery, and intentional infliction of emotional distress.

In order to properly state a claim under §1983, a claimant must allege that he had a constitutionally protected right, that he was deprived of that right, and that the deprivation was caused intentionally by the defendant who acted under the color of state law. See 42 U.S.C. §1983; McNabola v. Chicago Transit Authority, 10 F.3d 501, 513 (7th Cir. 1993). Because a §1983 claim depends on the existence of a violation of a constitutional right, the threshold inquiry is whether the plaintiff can demonstrate that the defendant deprived plaintiff of a constitutional right. See Graham v. Connor, 490 U.S. 386, 393, 109 S.Ct. 1865, 1870-71, 104 L.Ed.2d 443 (1989) (§1983 itself is not a source of substantive rights).

In Counts I, II, and V, Bandari fails to allege that Hofbauer and Sadler deprived him of a cognizable constitutional right. Although Bandari alleges actions of Hofbauer and Sadler that were tortious, they do not implicate constitutional concerns. "The Due Process Clause ... does not transform every tort committed by a state actor into a constitutional violation." DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 202, 109 S.Ct. 998, 1006, 103 L.Ed.2d 249 (1989). There already exist state laws that directly address the alleged torts, and the United States Supreme Court has rejected making the Fourteenth Amendment's Due Process Clause a "font of tort law to be superimposed upon whatever systems may

already be administered by the States." Daniels v. Williams, 474 U.S. 327, 332, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986).

Bandari seems to argue that his claims for assault, battery, and intentional infliction of emotional distress implicate substantive due process concerns because they presumably illustrate the excessive force used in falsely arresting Bandari. Nevertheless, Bandari has already stated separate §1983 claims for excessive force and false arrest in Counts III and IV, and Defendants have not moved to dismiss these counts in this action. In so far as Bandari claims that his assault, battery, and intentional infliction of emotional distress claims each independently serve as a basis for separate §1983 claims, they fail as a matter of law.

Because Bandari's basic tort allegations in Counts I, II, and V do not allege constitutional violations, they cannot serve as bases for imposing §1983 liability on Hofbauer and Sadler. The Court therefore dismisses Counts I, II, and V.

## II. Conspiracy and Neglect or Refusal to Prevent Wrong Conspired to Be Done under §1983–Count VI

Bandari brings his Count VI conspiracy claim under §1983. He alleges that, "Defendant Officers and Hofbauer and Sadler conspired together, with the connivance of the City of Chicago, to conceal their conduct to deprive the Plaintiff of his Constitutional rights, privileges and immunities, including Equal Protection

of the Laws." Moreover, Bandari claims that he was denied the "full and equal benefit of the laws ... by the Defendants' combined actions in failing to conduct an adequate investigation...." Bandari's conspiracy claim against Hofbauer and Sadler is insufficient because it fails to allege that Hofbauer and Sadler agreed to act in concert with each other and because it fails to allege a constitutional deprivation.

Plaintiff's response to Defendants' motion to dismiss Count VI is difficult to decipher. It seems that Plaintiff is claiming that Defendants Hobauer's and Sadler's arguments only address the City's Count VI §1983 liability and not their own. Bandari states:

> Any references by the Individual defendants as to the obligations of the City (such as the existence of a duty to conduct a proper police investigation, which plaintiff incidentally does not allege a cover up by city officials with regard to the plaintiff's complaint to the the [sic] office of professional standards and subsequent internal investigation into the incident, all fall within the purview of the Defendant City of Chicago. This court having already dismissed the allegations of conspiracy against the City of Chicago, the individuals [sic] defendants objection to those allegations are now moot and not subject to dispute for failure to assert a claim upon which any relief can be granted by plaintiff against the City (and the officers alleged involvement with said conspiracy) at this time.

Nevertheless, Hofbauer and Sadler do not simply discuss the obligations and liabilities of the City. Defendants raise some legal arguments on their behalf similar to those raised by the City, but they are not precluded from doing so, especially

when it seems that Plaintiff makes similar accusations against them. Moreover, merely because the Court dismissed various claims against the City, Defendants' arguments on their own behalf for the same claims are not rendered moot.

In order to state a conspiracy claim under §1983, a claimant must allege "that defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding" and must support this allegation with factual allegations suggesting a "meeting of the minds." Kunik v. Racine County, 946 F.2d 1574, 1580 (7th Cir. 1991). Unlike other claims, conspiracy is subject to a heightened pleading standard, and the plaintiff must allege facts in support of the cause of action. It is not necessary, however, to plead specific facts detailing a conspiratorial agreement, but a plaintiff must plead sufficient facts from which a conspiracy may be inferred. See Quinones v. Szorc, 771 F.2d 289, 290 (7th Cir. 1985). Nevertheless, Bandari utterly fails to allege any facts suggesting that Hofbauer and Sadler came to any agreement with each other to cover up their conduct or that they somehow contributed to a failure to investigate allegations of misconduct. Thus, Bandari's claim that Hofbauer and Sadler were members of some conspiracy is deficient and unsupported by the allegations. The Court dismisses Count VI.

Further, Bandari fails to allege that the conspiracy deprived him of some constitutional right. Although the Seventh Circuit has recognized a §1983 conspiracy claim where a police officer tries to cover-up unlawful conduct, the court has stated that the basis for this type of claim lies in the denial of a plaintiff's right of access to the courthouse. See Bell v. City of Milwaukee, 746 F.2d 1205, 1261 (7th Cir. 1984); Vasquez v. Hernandez, 60 F.3d 325, 329 (7th Cir. 1995). Thus, where there are no allegations indicating that defendants' cover-up prevented plaintiff from pursuing a tort action or that the value of such an action was reduced by the cover-up, a §1983 action cannot lie as there has been no injury over and above the underlying torts. See Mendez v. Henniger, No. 98 C 2694, 1999 WL 202907, at *3-4 (N.D. Ill. Mar. 29, 1999); Hawkins v. Mathus, No. 99 C 901, 1999 WL 96128, at *2-3 (N.D. Ill. Oct. 8, 1999). Because Bandari has not alleged, and is likely unable to allege, that his access to the courts has been denied by any cover-up, he has not claimed any injury above the underlying torts or provided any support for such a claim.

Likewise, Bandari's claim that the "Defendants" failed to conduct adequate investigations into alleged misconduct does not rise to the level of a constitutional deprivation. Police officers are not constitutionally mandated to conduct an

investigation at all. See Slagel v. Shell Oil Refinery, 811 F. Supp. 378, 382 (N.D. Ill. 1993), aff'd 23 F.3d 410 (1994) (police officer has no federal constitutional mandate to conduct investigation into plaintiff's assault charge).

Because Bandari has failed to allege that Hofbauer and Sadler had a "meeting of the minds" so as to engage in a conspiracy and because Bandari has failed to allege the deprivation of a constitutional right, his §1983 conspiracy claim against Hofbauer and Sadler fails. Accordingly, the Court dismisses Count VI.

## CONCLUSION

For the reasons set forth above, the Court grants Defendants Hofbauer's and Sadler's motion to dismiss.

_____
Charles P. Kocoras
United States District Judge

Dated: __March 23, 2000__